UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES FAWOLE | ) |
| Plaintiff, | ) Case No.: 07-1571 (JR) |
| v. | ) |
| DISTRICT OF COLUMBIA, *et al*. | ) |
| Defendants. | ) |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
TO PLAINTIFF'S COMPLAINT**

Defendant District of Columbia, by and through counsel, responds to the Complaint as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the specifically numbered paragraphs set forth in the Complaint, the defendant District of Columbia responds in like-numbered paragraphs as follows:

Jurisdiction and Venue

1. This defendant acknowledges the statutory authorities cited in paragraph 1 of the Complaint, but denies that jurisdiction and venue are necessarily conferred therefrom.

Parties

2. This defendant lacks sufficient knowledge to either admit or deny the averment set forth in paragraph 2 of the Complaint.

3.  The District acknowledges its status as a municipal government. The remaining averments are the legal conclusions of the pleader to which no response is required from this defendant.

4.  This defendant admits that Defendant Robert Glenn is a Metropolitan Police Officer and was assigned to the 3rd District Police during the period of plaintiff's claim as set forth in the Complaint. No response is required as to the capacity in which he is being sued.

Facts Common to All Counts

5.  At this time, this defendant lacks sufficient knowledge to either admit or deny the averments set forth in paragraph 5 of the Complaint.

6-7.  This defendant denies the allegations contained in paragraphs 6 and 7 of the Complaint.

8-10.  This defendant lacks sufficient knowledge to either admit or deny the averments set forth in paragraphs 8 through 10 of the Complaint.

11-13.  This defendant denies the allegations contained in paragraph 11 through 13 of the Complaint.

14.  The allegations set forth in paragraph 14 are the legal conclusions of the pleader to which no response is required from this defendant.

Count I<br>Deprivation of Civil Rights, 42 U.S.C. § 1983<br>Excessive Force and False Arrest<br>(All Defendants)

15.  This defendant reasserts each and every response contained in paragraphs 1 through 14 above as if fully set forth herein and hereby incorporates them by reference.

16.  This defendant denies the allegations contained in paragraph 16 of the Complaint.

17.  The allegations set forth in paragraph 17 are the legal conclusions of the pleader to which no response is required from this defendant.

18. This defendant denies the allegations contained in paragraph 16 of the Complaint.

19. The allegations set forth in paragraph 19 are the legal conclusions of the pleader to which no response is required from this defendant.

20. This defendant denies the allegations contained in paragraph 20 of the Complaint.

21. The allegations set forth in paragraphs 21 of the Complaint are the legal conclusions of the pleader to which no response is required from this defendant.

## COUNT II

### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. SECTION 1983
### FAILURE TO SUPERVISE AND DISCIPLINE
### (DEFENDANT DISTRICT OF COLUMBIA)

22. Defendant District reasserts and incorporates its answers to paragraphs 1-21 as if fully set forth herein.

23. The allegations set forth in paragraphs 23 of the Complaint are the legal conclusions of the pleader to which no response is required from this defendant.

24. This defendant denies the allegations contained in paragraph 24 of the Complaint.

25. This defendant denies the allegations contained in paragraph 25 of the Complaint.

26. This defendant denies the allegations contained in paragraph 26 of the Complaint.

27. This defendant denies the allegations contained in paragraph 27 of the Complaint.

## COUNT III

### NEGLIGENT SUPERVISION AND DISCIPLINE
### (DEFENDANT DISTRICT OF COLUMBIA)

28. Defendant District reasserts and incorporates its answers to paragraphs 1-27 as if fully set forth herein.

29. The allegations set forth in paragraphs 29 of the Complaint are the legal conclusions of the pleader to which no response is required from this defendant

30.  This defendant denies the allegations contained in paragraph 30 of the Complaint.

31.  This defendant denies the allegations contained in paragraph 31 of the Complaint.

32.  This defendant denies the allegations contained in paragraph 32 of the Complaint.

Further answering, this defendant denies all allegations of wrongdoing, intentional or otherwise, not specifically admitted to or otherwise answered.

## THIRD DEFENSE

Plaintiff cannot maintain a constitutional claim against the District pursuant to 42 U.S.C. § 1983, *et seq.*, as he has failed to allege sufficient factual allegations that the District's customs, policies, or practices were the moving force behind the violation of his constitutional rights.

## FOURTH DEFENSE

Neither the District's customs, policies, nor practices were the moving force behind plaintiff's claimed constitutional injuries.

## FIFTH DEFENSE

The District cannot be held liable for the alleged unconstitutional acts of its employees under a theory of *respondeat* superior liability.

## SIXTH DEFENSE

The actions of this defendant and its agents and employees were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

## SEVENTH DEFENSE

The actions of this defendant and its agents and employees were taken in good faith and with a reasonable belief in the lawfulness of his actions, and/or the actions taken by this defendant were the result of his privilege.

## EIGHTH DEFENSE

The actions of this defendant and its agents and employees complied with all applicable laws and met or exceeded all applicable standards of care.

## NINTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

## TENTH DEFENSE

If plaintiff was injured and damaged as alleged in the Complaint, such injuries and damages were the results of his own sole or contributory negligence and/or his assumption of the risk.

## ELEVENTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

## TWELFTH DEFENSE

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

## THIRTEENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

**FOURTEENTH DEFENSE**

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Official Code Section 12-309.

The District reserves the right to assert any additional defenses of which he may become aware during discovery in this matter, as well as the right to delete any defenses previously raised herein based on the evidence adduced during discovery.

**SET OFF**

The District claims a set off for any public funds, including Medicaid, it expended on or on behalf of the plaintiff.

**JURY DEMAND**

Defendant District of Columbia requests a trial by jury as to all issues so triable.

WHEREFORE, defendant District of Columbia respectfully requests this Honorable Court dismiss with prejudice the Complaint against it, and award it judgment against the plaintiff on all claims set forth in the Complaint, together with such further relief as may be appropriate.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Patricia A. Jones
    PATRICIA A. JONES [428132]
    Chief, General Litigation, Section IV

      /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov